STEPHEN W. MANNING, OSB # 013373
stephen@innovationlawlab.org
smanning@ilgrp.com
TESS HELLGREN, OSB #191622
tess@innovationlawlab.org
JORDAN CUNNINGS, OSB # 182928
jordan@innovationlawlab.org
NELLY GARCIA ORJUELA, OSB #223308
nelly@innovationlawlab.org
INNOVATION LAW LAB
333 SW 5th Ave., Suite 200
Portland, OR 97204-1748
Telephone: +1 503-922-3042

Attorneys for Petitioner

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Portland Division

| | |
|---|---|
| E-M-, an adult,<br><br>        Petitioner,<br><br>v.<br><br>DREW BOSTOCK, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO");TODD LYONS, Acting Director of Immigration Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; and PAMELA BONDI, Attorney General of the United States,<br><br>        Respondents. | Case No.  25-1083<br><br>Agency No. AXXX-XXX-009<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>ORAL ARGUMENT REQUESTED<br><br>Expedited Hearing Requested |

## INTRODUCTION

1.  As a Shia and a Hazara in Afghanistan, Petitioner E-M- was targeted by the Taliban, suffering severe injuries. He fled to seek protection in the United States.

2.  Petitioner E-M- was released into the United States on or about August 5, 2023, by Respondents; Petitioner then applied for asylum before the U.S. immigration authorities on May 29, 2024. Respondents commenced removal proceedings against Petitioner in immigration court, entitling Petitioner to present an asylum claim with the due process rights under 8 U.S.C. § 1229a.

3.  Released on his own recognizance from immigration custody nearly a year ago by Respondents, E-M- has complied with every request, demand and requirement imposed by Respondents, in addition to complying with all the court and legal timelines for his asylum case. After appearing for a legally required immigration court hearing on June 24, 2025, at which he was granted a continuance, upon information and belief, E-M- was arrested and detained by Respondents without reason.

4.  Accordingly, to vindicate Petitioner's rights, this Court should grant the instant petition for a writ of habeas corpus. Petitioner asks this Court to find that Respondents' attempts to detain and transfer Petitioner are arbitrary and capricious and in violation of the law, and to immediately issue an order preventing Petitioner's transfer out of this district.

## JURISDICTION

5.  This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et. seq.

6.  This court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

7.  This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq., the All Writs Act, 28 U.S.C. § 1651, and the Immigration and Nationality Act, 8 U.S.C. § 1252(e)(2).

**VENUE**

8.  Venue is proper because Petitioner is in Respondents' custody in Portland, Oregon. Venue is further proper because a substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District, where Petitioner is now in Respondent's custody. 28 U.S.C. § 1391(e).

9.  For these same reasons, divisional venue is proper under Local Rule 3-2.

**REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243**

10. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

11. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

12. Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

## PARTIES

13. Petitioner is a 24-year-old citizen of Afghanistan. Petitioner is present within the state of Oregon as of the time of the filing of this petition.[1]

14. Respondent Drew Bostock is the Field Office Director for the Seattle Field Office, Immigration and Customs Enforcement and Removal Operations ("ICE"). The Seattle Field Office is responsible for local custody decisions relating to non-citizens charged with being removable from the United States, including the arrest, detention, and custody status of non-citizens. The Seattle Field Office's area of responsibility includes Alaska, Oregon, and Washington. Respondent Bostock is a legal custodian of Petitioner.

15. Respondent Todd Lyons is the acting director of U.S. Immigration and Customs Enforcement, and he has authority over the actions of respondent Drew Bostock and ICE in general. Respondent Lyons is a legal custodian of Petitioner.

16. Respondent Kristi Noem is the Secretary of the Department of Homeland Security (DHS) and has authority over the actions of all other DHS Respondents in this case, as well as all

---

[1] Petitioner seeks leave to proceed anonymously because public identification creates a risk of retaliatory physical harm due to Petitioner's status as an asylum seeker in the United States, and the nature of Petitioner's claim is sensitive and highly personal. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit has identified several different situations in which parties have been permitted to proceed under a fictitious name, including "(1) when identification creates a risk of retaliatory physical or mental harm, . . . ; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' . . . ; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Id.* (collecting cases; internal citations omitted). The Petitioner would provide Petitioner's identity to the Respondents and the Court under seal.

PETITION FOR WRIT OF HABEAS CORPUS
Page 3

operations of DHS. Respondent Noem is a legal custodian of Petitioner and is charged with faithfully administering the immigration laws of the United States.

17. Respondent Pamela Bondi is the Attorney General of the United States, and as such has authority over the Department of Justice and is charged with faithfully administering the immigration laws of the United States.

18. Respondent U.S. Immigration Customs Enforcement is the federal agency responsible for custody decisions relating to non-citizens charged with being removable from the United States, including the arrest, detention, and custody status of non-citizens.

19. Respondent U.S. Department of Homeland Security is the federal agency that has authority over the actions of ICE and all other DHS Respondents.

20. This action is commenced against all Respondents in their official capacities.

## LEGAL FRAMEWORK

21. Immigration detention should not be used as a punishment and should only be used when, under an individualized determination, a noncitizen is a flight risk because they are unlikely to appear for immigration court or a danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

22. Noncitizens in immigration proceedings are entitled to Due Process under the Fifth Amendment of the U.S. Constitution. *Reno v. Flores*, 507 U.S. 292, 306 (1993).

23. The Immigration and Nationality Act (INA) establishes various procedures through which individuals may be detained pending a decision on whether the noncitizen is to be removed. 8 U.S.C. § 1226(a).

24. Removal proceedings described in section 240 of the INA are used to determine whether individuals, such as Petitioner, should be removed from the United States. *See* 8 U.S.C. § 1229a.

25. The Refugee Act of 1980, the cornerstone of the U.S. asylum system, provides a right to apply for asylum to individuals seeking safe haven in the United States. The purpose of the Refugee Act is to enforce the "historic policy of the United States to respond to the urgent needs of persons subject to persecution in their homelands." Refugee Act of 1980, § 101(a), Pub. L. No. 96-212, 94 Stat. 102 (1980).

26. The "motivation for the enactment of the Refugee Act" was the United Nations Protocol Relating to the Status of Refugees, "to which the United States had been bound since 1968." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 424, 432-33 (1987). The Refugee Act reflects a legislative purpose "to give 'statutory meaning to our national commitment to human rights and humanitarian concerns.'" *Duran v. INS*, 756 F.2d 1338, 1340 n.2 (9th Cir. 1985).

27. The Refugee Act established the right to apply for asylum in the United States and defines the standards for granting asylum. It is codified in various sections of the INA.

28. The INA gives the Attorney General or the Secretary of Homeland Security discretion to grant asylum to noncitizens who satisfy the definition of "refugee." Under that definition, individuals generally are eligible for asylum if they have experienced past persecution or have a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion and if they are unable or unwilling to return to and avail themselves of the protection of their homeland because of that persecution of fear. 8 U.S.C. § 1101(a)(42)(A).

29. Although a grant of asylum may be discretionary, the right to apply for asylum is not. The Refugee Act broadly affords a right to apply for asylum to any noncitizen "who is physically present in the United States or who arrives in the United States[.]" 8 U.S.C. § 1158(a)(1).

30. Immigration detention is a form of civil confinement that "constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 4253 (1979).

31. Custody determinations for individuals in 1229a removal proceedings are governed by 8 U.S.C. § 1226. Under § 1226(a), an individual may be released if he does not present a danger to persons or property and is not a flight risk. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006).

32. Custody determinations under § 1226(a) are individualized and based on the facts presented in those cases. Unlike § 1226(c), which can provide for categorical determinations for detention regardless of flight risk or safety risks, § 1226(a) requires a case-by-case review of the facts and circumstances.

33. Once a determination to release an individual from custody is made, the release order may be revisited when the facts or circumstances warrant revocation or reconsideration. 8 U.S.C. § 1226(b). For an individual who was once in custody, the Attorney General may take that individual back into custody by revoking the individual's release when the facts and circumstances warrant it.

34. Revocation and return to custody is authorized only based on the individualized facts and circumstances. 8 C.F.R. § 1236.1(c)(9). By regulation, revocation decisions are limited in nature and may only be made by certain authorized officials. 8 C.F.R. § 1236.1(c)(9).

## FACTUAL BACKGROUND

35. Petitioner is a citizen and national of Afghanistan.

36. As a Shia and a Hazara in Afghanistan, Petitioner E-M- was targeted by the Taliban, suffering severe injuries. He fled to seek protection in the United States.

37. On or about August 5, 2023, Petitioner came to or near the port of entry at or near Otay Mesa, California to seek asylum. Respondents arrested and detained Petitioner. On information and belief, based on the individualized facts of Petitioner's case, Respondent DHS released Petitioner from its custody on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226(a).

38. On or about August 6, 2023, Respondents initiated removal proceedings against Petitioner under 8 U.S.C. § 1229a.

39. Respondents alleged that Petitioner was inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i) and commanded that Petitioner appear for a hearing in immigration court.

40. Petitioner applied for asylum before the Portland Immigration Court on or about May 29, 2024.

41. Petitioner appeared for Petitioner's scheduled immigration court hearing on June 24, 2025 and received a continuance in his proceedings.

42. On information and belief, as Petitioner he was returning to his home following his court hearing, Petitioner was arrested by ICE agents.

43. On January 20, 2025, President Donald Trump issued several executive actions relating to immigration, including "Protecting the American People Against Invasion," an executive order (EO) setting out a series of interior immigration enforcement actions. The Trump

administration, through this and other actions, has outlined sweeping, executive branch-led changes to immigration enforcement policy, establishing a formal framework for mass deportation. The "Protecting the American People Against Invasion" EO instructs the DHS Secretary "to take all appropriate action to enable" ICE, CBP, and USCIS to prioritize civil immigration enforcement procedures including through the use of mass detention.

44.     On information and belief, Respondents are detaining and seeking to transfer Petitioner regardless of the individual facts and circumstances of his case.

45.     On information and belief, Respondents are using the immigration detention system, including extra-territorial transfer and detention, as a means to punish individuals for asserting rights under the Refugee Act.

46.     On information and belief, Petitioner has no criminal history.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of the Administrative Procedure Act – 5 U.S.C. § 706(2)(A)**
**Abuse of Discretion**
**Violation of 8 U.S.C. § 1226(b), 8 C.F.R. § 1236.1(c)(9)**

47.     Petitioner restates and realleges all paragraphs as if fully set forth here.

48.     Under the APA, a court shall "hold unlawful and set aside agency action" that is an abuse of discretion. 5 U.S.C. § 706(2)(A).

49.     An action is an abuse of discretion if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551

U.S. 644, 658 (2007) (*quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

50. To survive an APA challenge, the agency must articulate "a satisfactory explanation" for its action, "including a rational connection between the facts found and the choice made." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2569 (2019) (citation omitted).

51. By categorically revoking Petitioner's release and seeking to transfer him away from the district without consideration of his individualized facts and circumstances, Respondents have violated the APA.

52. By detaining and transferring the Petitioner categorically, Respondents have further abused their discretion because there have been no changes to his facts or circumstances since the agency made its initial custody determinations that support the revocation of his release from custody.

53. Respondents have already considered Petitioner's facts and circumstances and determined that he was not a flight risk or danger to the community. There have been no changes to the facts that justify this revocation of his release on his own recognizance. The fact that Petitioner has already been granted release by Respondents under the same facts and circumstances shows that Respondents do not consider him, on an individualized basis, to be a danger to the community or a flight risk. Moreover, Respondents have even lessened the conditions of his release by relieving him of wearing an electronic ankle monitor device.

**COUNT TWO**
**Violation of the Administrative Procedure Act – 5 U.S.C. § 706(2)(A)**
**Not in Accordance with Law and in Excess of Statutory Authority**
**Violation of 8 U.S.C. § 1226(b), 8 C.F.R. § 1236.1(c)(9)**

54. Petitioner restates and realleges all paragraphs as if fully set forth here.

55. Under the APA, a court "shall . . . hold unlawful . . . agency action" that is "not in accordance with law;" "contrary to constitutional right;" "in excess of statutory jurisdiction, authority, or limitations;" or "without observance of procedure required by law." 5 U.S.C. § 706(2)(A)-(D).

56. 8 U.S.C. § 1226(b) authorizes that "[t]he Attorney General at any time may revoke a bond or parole authorized under [8 U.S.C. § 1226(a)" and rearrest a noncitizen under the initial warrant. In implementing this statutory provision, 8 C.F.R. § 1236.1(c)(9) clarifies that such revocations of release from custody may only be carried out in the "discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign)."

57. It is a well-established administrative principle that "agency action taken without lawful authority is at least voidable, if not void *ab initio*." *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 35 (D.D.C. 2020), citing *SW General, Inc. v. NLRB*, 796 F.3d 67, 79 (D.C. Cir. 2015); *see also Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 555 (9th Cir. 2016) (invalidating agency action because it was taken by unauthorized official).

58. On information and belief, Respondents have revoked or are revoking Petitioner's prior custody determination as a result of a categorical policy prepared by and implemented by unidentified government officials in Washington, not through the individual exercise of discretion required by law or by the individuals enumerated by regulation to do so.

59. Because Petitioner's revocation of release from custody has been made or will be categorically directed by government officials not authorized by law to make this determination,

Respondents' detention of Petitioner is not in accordance with law and in excess of statutory authority.

## COUNT THREE
### Violation of Fifth Amendment Right to Due Process
### Procedural Due Process

60. Petitioner restates and realleges all paragraphs as if fully set forth here.

61. The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. Amend. V. Due process protects "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *accord Flores*, 507 U.S. at 306.

62. Due process requires that government action be rational and non-arbitrary. *See U.S. v. Trimble*, 487 F.3d 752, 757 (9th Cir. 2007).

63. While the government has discretion to detain individuals under 8 U.S.C. § 1226(a) and to revoke custody decisions under 8 U.S.C. § 1226(b), this discretion is not "unlimited" and must comport with constitutional due process. *See Zadvydas*, 533 U.S. at 698.

64. Here, Respondents have chosen to revoke Petitioner's release in an arbitrary manner and not based on a rational and individualized determination of whether he is a safety or flight risk, in violation of due process. Because no individualized custody revocation has been made and no circumstances have changed to make Petitioner a flight risk or a danger to the community, Respondents' revocation of Petitioner's release violates his right to procedural due process.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(3) Declare that Petitioner's detention without an individualized determination violates the Due Process Clause of the Fifth Amendment;

(4) Declare that Petitioner's revocation of parole from custody was made in violation of statute and regulation;

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody;

(6) Issue an Order prohibiting the Respondents from transferring Petitioner from the district without the court's approval;

(7) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(8) Grant any further relief this Court deems just and proper.

Dated:   June 24, 2025.                                         */s/ Jordan Cunnings*

                                                                                   JORDAN CUNNINGS, OSB # 182928
                                                                                   jordan@innovationlawlab.org
                                                                                   STEPHEN W. MANNING, OSB # 013373
                                                                                   stephen@innovationlawlab.org
                                                                                   TESS HELLGREN, OSB #191622
                                                                                   tess@innovationlawlab.org
                                                                                   NELLY GARCIA ORJUELA, OSB #223308
                                                                                   nelly@innovationlawlab.org
                                                                                   INNOVATION LAW LAB
                                                                                   333 SW 5th Ave., Suite 200
                                                                                   Portland, OR 97204-1748
                                                                                   Telephone: +1 503-922-3042

                                                                                   *Attorneys for Petitioner*