IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **E-M-**, an adult,<br><br>   Petitioner,<br><br>  v.<br><br>**DREW BOSTOCK**, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"), **TODD LYONS**, Acting Director of Immigration Customs Enforcement ("ICE"), **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**, **KRISTI NOEM**, Secretary of the Department of Homeland Security ("DHS"), **U.S. DEPARTMENT OF HOMELAND SECURITY**; and **PAMELA BONDI**, Attorney General of the United States,<br><br>   Respondents. | Case No. 3:25-cv-1083-SI<br><br>Agency No. AXXX-XXX-009<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

  Petitioner E-M-, a citizen of Afghanistan, seeks protection in the United States after suffering severe injuries from the Taliban because E-M- is Shia and a Hazara. Petitioner was released into the United States on August 5, 2023, on an Order or Release on Recognizance under 8 U.S.C. § 1226(a). Respondents commenced removal proceedings, which entitles Petitioner to due process rights under 8 U.S.C. § 1229a. Petitioner applied for asylum on May 29, 2024.

PAGE 1 – ORDER

Now before the Court is a Petition for Writ of Habeas Corpus ("Petition"). ECF 1. Petitioner alleges that Respondents have revoked Petitioner's asylum status not based on an individualized determination but instead based on a categorical policy prepared by government officials in Washington D.C. Petitioner also alleges that Respondents are detaining and seeking to transfer Petitioner out of the District of Oregon regardless of the individual facts and circumstances of his case. Petitioner further alleges that Respondents are using the immigration detention system as a means to "punish individuals for asserting rights under the Refugee Act."

In the Petition, Petitioner requests that the Court: (1) assume jurisdiction over this matter; (2) order Respondents to show cause within three days why the Petition should not be granted; (3) declare that Petitioner's detention without an individualized determination violates the Fifth Amendment's Due Process Clause; (4) issue a Writ of Habeas Corpus ordering Petitioner's release from custody; (5) issue an Order prohibiting Respondents from transferring Petitioner out of the District of Oregon without prior approval of the Court; (6) award Petitioner his attorney's fees and costs; and (7) grant any other relief that the Court deems just and proper.[1]

Upon review of the Petition, the Court ORDERS:

1. The Court grants Petitioner's request to proceed anonymously.

2. Petitioner shall promptly serve a copy of this Order upon Respondents and the Acting United States Attorney for the District of Oregon, William Narus (William.Narus@usdoj.gov). The Court Clerk shall also serve a courtesy copy on the Acting Unites States Attorney.

---

[1] The Petition also lists a request that the Court declare that Respondents' revocation of Petitioner's parole from custody was made in violation of statute and regulation, but that appears to be a scrivener's error. The Petition does not allege that Petitioner was paroled into the United States.

PAGE 2 – ORDER

3.  Not later than June 27, 2025, at noon Pacific Time, Respondents shall answer or otherwise respond to the Petition.

4.  Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, *see* 8 U.S.C § 1252(a)(2), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "a federal court always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give a court a reasonable opportunity to determine whether it has subject-matter jurisdiction and whether venue is proper in a district, and if so to consider the validity of a habeas petition, a court may order the preservation of the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 293-94. This principle applies with even greater force when the action a court enjoins would otherwise destroy its jurisdiction or moot the case. *See Garcia v. United States Customs & Border Prot.*, 2021 WL 4815945, at *6 (C.D. Cal. Aug. 20, 2021) ("[E]quity requires that his case not be rendered moot before it has begun. A preliminary injunction against his continued accrual of unlawful presence is appropriate as it merely maintains the status quo pending resolution of his underlying claims."); *cf. Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, 2020 WL 4458908, at *3 (N.D. Cal. May 27,

2020) ("[C]lass-wide [injunctive] relief may be granted prior to class certification where it is necessary to preserve the status quo, so that the case and ultimate relief does not effectively become moot." (citing *Price v. City of Stockton*, 390 F.3d 1105, 1117-18 (9th Cir. 2004)).

5. Unless otherwise ordered by the Court, Respondents shall not move Petitioner outside the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and docketed in this proceeding. It also must state the reason that Respondents believe that such a move is necessary. After that notice has been filed on the docket, Petitioner shall not be moved out of the District of Oregon for at least two business days or 48 hours, whichever is later, from the time of the docketing. This period may be shortened or extended as appropriate by further Court Order.

If Respondents already have moved Petitioner outside of the District of Oregon, Respondents are Ordered to notify the Court **within two hours of being served with this Order**. Respondents are further Ordered to state the exact date and time that Petitioner was transferred out of the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

**IT IS SO ORDERED.**

DATED this 24th day of June, 2025.

Michael H. Simon
United States District Judge

PAGE 4 – ORDER